UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON ROME,<br><br>        Plaintiff,<br><br> -against-<br><br>MICHAEL MCNALLY, PEAK RIDGE CAPITAL GROUP, INC., and PR VISION HOLDINGS, LLC,<br><br>        Defendants. | No. 24-cv-01647 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

    This action was transferred to the undersigned on March 4, 2024, from the District of Massachusetts. ECF No. 35. Plaintiff Jason Rome brings this action against Defendants Michael McNally, Peak Ridge Capital Group, Inc., and PR Vision Holdings, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of California. *See* ECF No. 1 ("Complaint") ¶ 13. He alleges that Defendant PR Vision Holdings, LLC (the "Defendant LLC") is a citizen of Delaware. *See id.* ¶ 16.

    It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  In the present case, the Complaint fails to do so.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

    Accordingly, it is hereby ORDERED that, on or before March 15, 2024, the Plaintiff shall amend his Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties.  If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

    If Plaintiff so amends his Complaint by March 15, 2024, then the Court will set an initial conference and the case will proceed.

Dated: March 5, 2024
       New York, New York

                                                           SO ORDERED.

                                                           JENNIFER L. ROCHON
                                                           United States District Judge